IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ADVANCED LUBRICATION SPECIALTIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL LUBRICANTS, INC., GOODYEAR LUBRICANTS, INC., DANIELLE VENTURES, LLC, ROBERT GONNELLI, PATRICIA GONNELLI, NICHOLAS GONNELLI,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-CV-01718-CBB<br><br>United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ECF No. 25**[1]

## I. Introduction

Plaintiff Advanced Lubrication Specialties, Inc. ("ALS") brings this civil action against Defendants U.S. Global Lubricants, Inc. ("USGL"), Goodyear Lubricants, Inc., Danielle Ventures, LLC, and Robert, Patricia, and Nicholas Gonnelli. In nine counts, Plaintiff broadly alleges a breach of contract, fraud, conspiracy, and unjust enrichment occurred in that the Defendants were each involved in a "scheme" to "underreport and improperly withhold millions of dollars in revenues" from sales of commercial lubricants in breach of prior agreements made between the parties. ECF No. 1-1.

---

1 All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, et seq.

Before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 25. ALS seeks a prejudgment asset freeze and other forms of relief stemming from its allegation that Defendants are liquidating their assets or transferring them out of the Court's reach to, in effect, make themselves judgment proof. *Id.* at ¶ 16(a)-(b). ALS also seeks the return of Confidential Information, property, or devices, including the domain name "gylubricants.com." *Id.* at ¶ 16(c)-(d).

The Motion is fully briefed. ECF Nos. 25, 35, 36. The Parties conducted limited discovery on the issue, ECF No. 34, and filed proposed findings of fact, conclusions of law, and joint stipulations. ECF Nos. 40-44.

The Court held a hearing on August 19, 2026 ("Preliminary Injunction Hearing"). ECF No. 60. The Preliminary Injunction Hearing was limited to two issues:

(1) whether, as Plaintiff alleges, Defendants are liquidating their assets or transferring their assets beyond the Court's reach; and

(2) Whether Defendants are improperly possessing Plaintiff's confidential information or any other property or devices and any potential harm to Plaintiff that comes from this.

*See* ECF Nos. 45, 48

During the Preliminary Injunction Hearing, the Parties presented evidence, examined five witnesses, and presented closing arguments. ECF Nos. 60, 62.

Upon consideration of the above documents, the witnesses' testimony, and the Parties' arguments during the Preliminary Injunction Hearing, the Motion for Preliminary Injunction is DENIED as to each of Plaintiff's five requests.

## II. Findings of Fact

The Parties' Joint Stipulations of Fact are incorporated herein. ECF No. 40.

The Court also finds the following facts:

1. Danielle Ventures[2] purchased a motor yacht named "The Danielle" by and through Robert Gonnelli on May 24, 2023 for $3.1 million. ECF No. 42 at DX-B, DX-I; ECF No. 62 at 117:3-118:3 (Robert Gonnelli Testimony).

2. Robert Gonnelli paid $500,000 from his personal funds for The Danielle and paid the rest of the $2.6 million balance via a loan from USALLIANCE Financial. ECF No. 42 at DX-J; ECF No. 62 at 117:3-118:3 (Robert Gonnelli Testimony).

3. On July 21, 2023, U.S.G.L.,[3] through Goodyear Lubricants, attempted to transfer $1.2 million to ALS per the Consulting Agreement. The payment did not go through. ECF No. 43-35 (filed under seal at ECF No. 68-5); ECF No. 43-41 (filed under seal at ECF No. 68-6); ECF No. 42 at DX-H ECF No. 62 at 100:17-20, 101:1-9 (Robert Gonnelli Testimony); *id.* at 54:18-23 (David Connor Testimony).

4. Later the same day, Defendants reinitiated the $1.2 million payment to ALS, which went through. ECF No. 43-35 (filed under seal at ECF No. 68-5); ECF No. 43-41 (filed under seal at ECF No. 68-6); ECF No. 42 at DX-H; ECF No. 62 at 100:17-20, 101:1-9 (Robert Gonnelli Testimony).

5. Goodyear Lubricants'[4] entity status was revoked in July 2024, and it is no longer in operation. ECF No. 62 at 91:3-4 (Robert Gonnelli Testimony).

---

[2] To provide context to this Memorandum Opinion, and according to the joint stipulation and proposed findings of fact submitted by the parties, Danielle Ventures LLC is a Florida-based limited liability company and its only two members are Robert and Patricia Gonnelli. ECF Nos. 40; 69 at 2; 70 at 10-11. Danielle Ventures was set up solely for the purchase of the motor yacht, The Danielle, its only asset. ECF No. 62 at 103: 21-25 (Robert Gonnelli testimony).

[3] Again for context, and according to the joint stipulation and proposed findings of fact submitted by the parties, U.S. Global Lubricants (U.S.G.L.) was a New York corporation owned by Robert Gonnelli which offered consulting services to ALS via the Consulting Agreement. ECF Nos. 40; 69 at 4-5; 70 at 2, 4.

[4] Lastly for context, according to the joint stipulation and proposed findings of fact submitted by the parties, Goodyear Lubricants was an affiliate of USGL, and a New Jersey corporation with

6. USGL is no longer in operation. ECF No. 62 at 71:13-22 (Robert Gonnelli Testimony); 134:13-15 (Patricia Gonnelli Testimony).

## III. Conclusions of Law and Analysis

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted).

In determining whether a preliminary injunction should be granted, a district court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Iles v. de Jongh*, 638 F.3d 169, 172 (3d Cir. 2011).

A plaintiff must produce evidence sufficient to prove all four factors for a court to issue preliminary injunctive relief. *The Pitt News v. Fisher*, 215 F.3d 354, 366 (3d Cir. 2000); *New Jersey Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (citation omitted). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Entm't, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

To establish a likelihood of success on the merits, the movant must "demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)." *Reilly v. City of*

---

Robert Gonnelli as its sole owner. ECF Nos. 40; 69 at 9; 70 at 2; *see also* ECF No. 62 at 62:10-22 (Robert Gonnelli testimony).

*Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The moving party "must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 37 (M.D. Pa. 2025) (citing *Punnett v. Carter*, 621 F.2d 578, 582–83 (3d Cir. 1980)).

To establish irreparable harm, the movant must show "that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly*, 858 F.3d at 179. The movant must demonstrate a potential harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024). The risk of irreparable harm cannot be speculative and the movant must make a "clear showing of immediate irreparable injury." *Cont'l Grp., Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). "[A]n injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009).

Here, ALS makes five requests for injunctive relief in its Motion for Preliminary Injunction. ECF No. 25 at 16. As set forth in more detail below, all five requests are DENIED.

**a. Plaintiff's first and second requests for injunction relief – prejudgment asset freeze**

In the Motion for Preliminary Injunction, ALS argues injunctive relief is necessary because Defendants "are liquidating their assets in an effort to further hide their ill-begotten gains and otherwise render themselves judgment proof." ECF No. 25 at ¶ 12. Plaintiff's primary examples of this are a "missing" $1.2

million wire transfer, and the purchase and later listing for sale the Gonnelli's motor yacht, The Danielle. *Id.* at ¶¶ 10-12.

As such, Plaintiff asks that Defendants be:

- Enjoined from transferring or disposing of any cash, funds, trusts, accounts, investments or other monies except in the ordinary course of business; and be
- Enjoined from transferring, selling, or otherwise disposing of any assets with a value in excess of $5,000 without prior Court approval, including but not limited to, any personal or real property, or the Danielle;

ECF No. 25 at ¶ 16(a)-(b).

Plaintiff's first and second requests for relief are DENIED because it has failed to demonstrate a "clear showing of immediate irreparable injury,"[5] because an injury measured solely in monetary terms cannot constitute irreparable harm. *See Cont'l Grp., Inc.,* 614 F.2d at 359; *Liberty Lincoln-Mercury*, 562 F.3d at 557.

One exception to the rule on monetary harm is that Courts will sometimes permit asset-freezing injunctions when defendants conceal their assets to avoid a judgment. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990). The burden is on Plaintiff to demonstrate that Defendants are likely moving their

[5] At the Preliminary Injunction Hearing ALS noted the section of the Consulting Agreement titled "Injunctive Relief." ECF No. 62 at 84:21-85:14 (citing ECF No. 40-1, Consulting Agreement, Section 22). To the extent ALS is arguing that it is entitled to injunctive relief due to this clause, it is well established that "[t]he parties to a contract . . . cannot grant the Court equitable jurisdiction over a claim." *Simpler Consulting, Inc. v. Wall,* No. 05-452, 2008 WL 763746, at *4 (W.D. Pa. Mar. 21, 2008) (citing *Dice v. Clinicorp, Inc*., 887 F.Supp. 803, 810 (W.D.Pa.1995) ("A contractual provision simply cannot act as a substitute for a finding by this Court that it would be appropriate to invoke its equitable powers. It is clear that the parties to a contract cannot, by including certain language in that contract, create a right to injunctive relief where it would otherwise be inappropriate") (internal citations omitted). *See also Contour Data Sols. LLC v. Gridforce Energy Mgmt. LLC,* No. 20-3241, 2021 WL 5536266, at *14 (E.D. Pa. Sept. 2, 2021) ("This clause appears to stipulate as to the terms of the contract that irreparable harm need not be found . . . The Court will not obligate itself to a finding of irreparable harm when Contour has not so proven it exists"). Therefore, the request for injunctive relief on this basis is denied.

assets "beyond the reach of the Court." *Mendelsohn, Drucker, & Assocs., P.C. v. Titan Atlas Mfg., Inc.*, No. 12-0453, 2013 WL 247245, at *3 (E.D. Pa. Jan. 23, 2013). Plaintiff must demonstrate that it is *likely* to happen in the absence of an injunction, not just that it is a *possibility* it might happen. *Lang v. Sujitech, LLC*, No. 2:25-CV-12175, 2025 WL 2701758, at *3 (D.N.J. Sept. 23, 2025).

ALS has not done so here. ALS has not set forth any concrete evidence that any Defendant is moving their assets "beyond the reach of the Court," nor has ALS set forth any evidence that this is likely to happen without an injunction.

When ALS' witnesses Greg Julian and David Connor were both asked why they believe that the Defendants are dissipating their assets, they responded that Defendant Robert Gonnelli purchased boats, cars, and houses during the same time period he was working with ALS. *See* ECF No. 62 at 36:8-37:6 (Greg Julian Testimony); *id.* at 61:15-62:15 (David Connor Testimony). Neither of ALS' witnesses pointed to anything beyond their own personal beliefs to concretely show that Defendants were moving the assets out of the Court's reach. *Id.*[6]

ALS also introduced evidence that Goodyear Lubricants' entity status was revoked in July 2024, ECF No. 62 at 91:3-4 (Robert Gonnelli Testimony), and that neither USGL nor Goodyear Lubricants are still in operation. *Id.* at 71:13-22 (Robert Gonnelli Testimony); 134:13-15 (Patricia Gonnelli Testimony). Robert

---

6 Plaintiff's counsel in his closing statement pointed to a $50,000 payment from a Goodyear Lubricant's account to Danielle Ventures as evidence that Robert Gonnelli was using the account as a "personal piggybank." ECF No. 61 at 145:20-24 (citing ECF No. 43-41, filed under seal at ECF No. 68-6). That characterization is not substantiated by the record. As stated above, Plaintiff has not otherwise established the Defendants are moving assets "out of the Court's reach" or otherwise moving funds to make them untraceable.

Gonnelli testified that the two companies are no longer in operation because of the end of the agreement between USGL and ALS. *Id.* at 71:10-72:5; 91:5 (Robert Gonnelli Testimony). There is no evidence in the record that either Goodyear Lubricants or USGL ceased operating due to insolvency or bankruptcy, and ALS has not presented any case law for its position that this situation warrants a prejudgment asset freeze. *See Commodigy OG Vegas Holdings, LLC v. ADM Labs,* No. 1:19-CV-01382, 2020 WL 999774, at *4 (N.D. Ohio Mar. 2, 2020) (declining to freeze assets absent evidence of insolvency and absent evidence that plaintiff would not be able to collect on a potential judgment without an injunction). This is not enough to persuade the Court that ALS will not be able to collect on a potential judgment against Defendants absent an injunction.

Instead, Defendants provided testimony showing their assets could indeed be accessed in the event ALS wins judgment in this case. During the Preliminary Injunction Hearing, Robert, Patricia, and Nicholas Gonnelli testified under oath that they:

- Do not own any assets in a foreign country and do not intend to open any bank accounts or acquire assets in a foreign country. ECF No. 62 at 111:7-12, 115:8-14 (Robert Gonnelli Testimony); *Id.* at 137:19-25 (Patricia Gonnelli Testimony); *id.* at 143:1-7 (Nicholas Gonnelli Testimony);

- Have not closed any bank accounts in the last year. ECF No. 62 at 112:16-113:4 (Robert Gonnelli Testimony); *Id.* at 138:1-10 (Patricia Gonnelli Testimony); *id.* at 143:10-13 (Nicholas Gonnelli Testimony);

- Have not opened any trusts in the last year. ECF No. 62 at 111:21-23 (Robert Gonnelli Testimony); *Id.* at 138:7-10 (Patricia Gonnelli Testimony); *Id.* at 143:14-15 (Nicholas Gonnelli Testimony);

- Have not gifted any material amounts to friends or family. ECF No. 62 at 111:24-112:2 (Robert Gonnelli Testimony); *Id.* at 138:11-12 (Patricia Gonnelli Testimony); *Id.* at 143:16-18 (Nicholas Gonnelli Testimony).

Additionally, as to ALS' assertion Defendants used a "missing" $1.2 million wire transfer to purchase The Danielle, ECF No. 25 at ¶¶ 10-12, Robert Gonnelli testified there were no missing $1.2 million payments in July 2023. Instead, the first wire transfer did not go through, so USGL sent ALS a second $1.2 million transfer the same day. ECF No. 62 at 100:17-20, 101:1-9 (Robert Gonnelli Testimony). *See also* ECF No. 43-35 (filed under seal at ECF No. 68-5); ECF No. 43-41 (filed under seal at ECF No. 68-6); ECF No. 42 at DX-H; ECF No. 62. at 54:18-23 (David Connor Testimony).

Robert Gonnelli also testified that he and his wife purchased The Danielle motor yacht via Danielle Ventures in May 2023 with a $2.6 million loan from U.S. Alliance and paid the remaining balance themselves. ECF No. 62 at 117:3-118:3 (Robert Gonnelli Testimony). *See also* ECF No. 42 at DX-B, DX-I, DX-J. He testified he did not use any of the subsequent $1.2 million wire transfers on July 21, 2023 to purchase The Danielle. ECF No. 62 at 118:8-119:25.

Accordingly, Plaintiff has not demonstrated that Defendants are liquidating their assets and moving them "outside of the Court's reach." Therefore, their first two requests for injunctive relief are DENIED.

### B. Plaintiff's third request for injunctive relief – Confidential Information, devices, or property

In Plaintiff's third request, it asks that Defendants be:

> Directed to return to ALS (i) any Confidential Information, as that term is defined in the Consulting Agreement, of ALS and/or ALS's customers; (ii) any property or devices of ALS; and (iii) provide certification of USGL's compliance with Section 13(d) of the Consulting Agreement.

ECF No. 25 at ¶ 16(c). This request for injunctive relief is also DENIED.

The return of confidential information is a request for "mandatory relief." When the requested preliminary injunctive relief "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). To obtain a mandatory preliminary injunction, the movant must "show a substantial likelihood of success on the merits and that their 'right to relief is indisputably clear.'" *Hope v. Warden York Cnt. Prison*, 972 F.3d 310, 320 (3d Cir. 2020).

Plaintiff has not done so here. ALS has not put forth any evidence that Defendants have any Confidential Information, property, or devices in their possession. They did not elicit testimony about this issue from any of the five witnesses they called during the Preliminary Injunction Hearing. *See generally*, ECF No. 62. In fact, ALS' witness Greg Julian testified that the only confidential information ALS is seeking is the gylubricants website – addressed in Plaintiff's fourth request for injunctive relief, discussed *supra*. In the same vein, ALS has not put forth any evidence of an irreparable injury.

The undisputed record thus far demonstrates that Defendants have no Confidential Information, property, or devices in their possession. Accordingly, this request for injunctive relief is DENIED.

### C. Plaintiff's fourth request for injunctive relief – gylubricants.com domain name

Plaintiff's fourth request for injunctive relief is likewise DENIED because ALS has not demonstrated a likelihood of success on the merits. *Cont'l Grp., Inc.*, 614 F.2d at 358.

Here, Plaintiff asks that Defendants be:

> Directed to provide the login credentials and transfer ownership of the www.gylubricants.com domain name and website to ALS and cease any access or usage of same.

ECF No. 25 at ¶ 16(d).

Under the Consulting Agreement, any website or domain name that USGL "created or developed" in performing its work under the Consulting Agreement "shall be the sole and exclusive property of" ALS. ECF No. 40-1 at 5 (Consulting Agreement, Section 8(b)). This includes any websites or domain names that USGL "conceived, created, reduced to practice or been involved with . . . in performing the Services or otherwise in furtherance of the [ALS'] activities." *Id.* ALS has not, however, set forth sufficient evidence at this time that it is entitled to the control of the "gylubricants" domain name. ALS has not conclusively demonstrated that the domain name was "created or developed" in the course of performing work under the Consulting Agreement or "conceived, created, [or] reduced to practice" in furtherance of ALS' activities.

ALS' witness Greg Julian testified that the gylubricants website was created in connection with the Consulting Agreement, and only listed Goodyear products sold by ALS. ECF No. 62 at 16:14-25 (Greg Julian Testimony). Greg Julian

testified that he understood that ALS ultimately owned the website, and that ALS reimbursed Robert Gonnelli for any hosting and content fees. *Id.* at 17:16-24.

Conversely, Robert Gonnelli testified that the website was created in November 2019, over two months before ALS and USGL executed the Consulting Agreement. ECF No. 62 at 81:7-14. Robert Gonnelli testified that the website was created as part of the initial contract between USGL and Goodyear – the contract that predated USGL seeking out ALS for the Consulting Agreement. More specifically he testified that:

> Goodyear had their own website. Goodyear [wanted] USGL to use Goodyear's website, basically piggyback on it. We didn't see the logic in that, nor did the contract with Goodyear require that. So we wanted the flexibility to build our own site, our own local image and everything else. So the website was created and put up and used. ALS had access to it. We had access to it. You know, customer public had access to it.

*Id.* at 81:14-21. Robert Gonnelli also testified that the website indeed "helped ALS" because it helped promote ALS-manufactured products, but it "wasn't [ALS'] website." ECF No. 62 at 79:3-12.

The evidence is conflicting, and it is not yet clear whether the gylubricants domain name falls under the provisions of the Consulting Agreement. ALS has therefore not conclusively established that it is entitled to the gylubricants domain name at this time. This request for preliminary injunctive relief is therefore DENIED. However, decisions on preliminary injunctions do not constitute law of the case and the Parties are free to litigate the merits during later phases. *See Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

### D. Plaintiff's fifth request for injunctive relief – Obligations under the Consulting Agreement

ALS' final request for injunctive relief is that Defendants be:

> Directed to otherwise comply with their obligations under the Consulting Agreement.

ECF No. 25 at 16(e). ALS did not clarify in its briefing or during the Preliminary Injunction Hearing precisely what portion of the Consulting Agreement it is referring to. *See generally*, ECF Nos. 25, 35, 62.

The Court notes that in one brief line in the Motion for Preliminary Injunction, ALS alleges that Defendants "intend to improperly compete with ALS and/or poach its customers and/or suppliers, including Goodyear." ECF No. 25 at ¶ 15. To the extent that Plaintiff is seeking injunctive relief for a breach of restrictive covenants in the Consulting Agreement, this request is likewise DENIED.

Plaintiff's position is that the Consulting Agreement was terminated on July 25, 2024. ECF No. 1-1 at ¶ 139. *See also* ECF No. 42-1 at DX-C. The restrictive covenants in the Consulting Agreement are only in place for one year after the Consulting Agreement is terminated. ECF No. 40-1 at 5-6 (Consulting Agreement, Section 9). Plaintiff filed this Motion for Injunctive Relief on January 12, 2026. ECF No. 25. Regardless of when the Consulting Agreement was terminated in 2024, this January 2026 date is more than one year after it was terminated, and the restrictive covenants are no longer enforceable.

Accordingly, any relief for a potential breach of the restrictive covenants would be monetary damages only. *See N.J. Deer Control, LLC v. EN Garde Deer Def. LLC,* No. 24-5587, 2024 WL 2818277, at *6 (D.N.J. June 3, 2024). This is

therefore inappropriate for injunctive relief. *Liberty Lincoln-Mercury,* 562 F.3d at 557. This request is likewise DENIED.

## IV. Conclusion

As set forth in more detail above, Plaintiff's Motion for Preliminary Injunction is DENIED.

DATED this 31st day of August, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC: All counsel of record, *via ECF*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ADVANCED LUBRICATION SPECIALTIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL LUBRICANTS, INC., GOODYEAR LUBRICANTS, INC., DANIELLE VENTURES, LLC, ROBERT GONNELLI, PATRICIA GONNELLI, NICHOLAS GONNELLI,<br><br>Defendants, | ) | Civil Action No. 2:25-CV-01718-CBB<br><br>United States Magistrate Judge Christopher B. Brown |

**ORDER ON**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, ECF No. 25**

**AND NOW, this 31st day of August, 2026,**

Upon consideration of Plaintiff Advanced Lubrication System's Motion for Preliminary Injunction, ECF No. 25, the accompanying briefing and pre-hearing filings, and the witnesses' testimony and the Parties' evidence and arguments during the August 19, 2026 Preliminary Injunction Hearing, IT IS HEREBY ORDERED that the Motion for Preliminary Injunction is DENIED, as set forth in the accompanying Memorandum Opinion. All five of ALS' requests for injunctive relief are DENIED.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge