IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ADVANCED LUBRICATION SPECIALTIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>US GLOBAL LUBRICANTS, INC., GOODYEAR LUBRICANTS, INC., DANIELLE VENTURES, LLC, ROBERT GONNELLI, PATRICIA GONNELLI, NICHOLAS GONNELLI,<br><br>Defendants, | Civil Action No. 2:25-CV-01718-CBB<br><br>United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, ECF NO. 14**[1]

## I. Introduction

Plaintiff Advanced Lubrication Specialties, Inc. ("ALS") brings this civil action against Defendants U.S. Global Lubricants, Inc. ("USGL"), Goodyear Lubricants, Inc. ("GL"), Danielle Ventures, LLC, and Robert, Patricia, and Nicholas Gonnelli. ECF No. 1-1. ALS broadly alleges the Defendants were each involved in a "scheme" to "underreport and improperly withhold millions of dollars in revenues"

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, et seq.

from sales of commercial lubricants in breach of prior agreements made between the parties. *Id.* at ¶ 1.[2]

ALS brings the following claims against all Defendants unless otherwise noted:

- Count I – Breach of contract against USGL and Robert Gonnelli only
- Count II – Conversion
- Count III – Unjust enrichment
- Count IV – Fraud
- Count V – Negligent misrepresentation against all Defendants except Danielle Ventures
- Count VI – Conspiracy
- Count VII – Constructive Trust
- Count VIII – Indemnification against USGL and Robert Gonnelli only
- Count IX – Injunction

ECF No. 1-1 at 29-44. This court has subject matter jurisdiction under 28 U.S.C. § 1332.[3]

Before the Court is Defendants' motion to dismiss. ECF No. 14. Defendants seek to dismiss all claims against them except for Count I, the breach of contract claim with respect to USGL only. *Id.* The Motion is fully briefed and ripe for consideration. ECF Nos. 14, 17, 27, 30.

As set forth below, it is ORDERED that Defendants' motion to dismiss (ECF No. 14) is GRANTED in part and DENIED in part.

Defendants' motion is GRANTED as to:

- ALS' fraud claim (Count IV), without prejudice for ALS to amend its complaint if it can do so in good faith;

---

[2] For citations to ECF filings, pages numbers refer to the number appearing in the CM/ECF header, which may not align with the document's original page numbering.

[3] The Parties are diverse and the amount in controversy exceeds the jurisdictional limit. *See* ECF Nos. 1-1, 8-9, 18, 32, 73-75.

- ALS' conspiracy claim (Count VI), without prejudice for ALS to rectify the deficiency regarding pleading an agreement in an amended complaint, if it can do so in good faith;
- ALS' constructive trust (Count VII) and injunction (Count IX) claims, without prejudice for ALS to amend and move these claims to a "Relief Requested" section.

Defendants' motion to dismiss the unjust enrichment claim (Count III) is GRANTED with prejudice as to USGL and DENIED as to the remaining Defendants. Otherwise, the motion is DENIED as to Defendants' remaining arguments without prejudice to reassert at summary judgment. It is further ORDERED that ALS is granted until **October 6, 2026** to amend the complaint, should it choose to do so.

## II. Factual Background

The following allegations in the Complaint are accepted as true with all reasonable inferences drawn in the light most favorable to ALS. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 237 (3d Cir. 2008). The following facts are also limited to those relevant to the current motion to dismiss.

ALS alleges Defendants were involved in a "scheme" to "underreport and improperly withhold millions of dollars in revenues" in connection with a Consulting Agreement between USGL and ALS. ECF No. 1-1 at ¶ 1. ALS alleges the Gonnelli family – husband and wife Robert ("Robert") and Patricia Gonnelli ("Patricia"), and son Nicholas Gonnelli ("Nicholas")– "used these ill begotten gains to fund lavish personal spending, including purchasing real estate, boats, and other real and personal property." *Id.* at ¶ 4.

By way of background, Robert is the CEO and president of USGL as well as the principle of GL. *Id.* at ¶ 14. Patricia and Nicholas worked alongside him at USGL. *Id.* at ¶ 15. Robert and Patricia are the sole members of Defendant Danielle Ventures, LLC. *Id.* at ¶ 17.

Starting in June 2019, USGL and ALS worked together to manufacture, market, and sell certain Goodyear-branded lubricants pursuant to a licensing agreement between USGL and the Goodyear Tire & Rubber Company ("Goodyear"). *Id.* at ¶ 39. Thereafter, ALS and USGL entered into the Consulting Agreement on January 20, 2020. *Id.* at ¶ 45. Through the Agreement, USGL assigned the Goodyear licensing agreement to ALS, and then ALS engaged USGL and Robert to assist it in marketing and selling Goodyear products. *Id.* at ¶¶ 43-45. Robert signed the Consulting Agreement on behalf of USGL, but only USGL and ALS were parties to the Agreement. *Id.* at p. 54.

ALS alleges that its only insight into the sales numbers came filtered through USGL and Robert, after they had already taken out their cut. *Id.* at ¶¶ 73-74, 76-77. More specifically, ALS alleges that Defendants had full control over the internal accounting and sales management software for both USGL and ALS. *Id.* All the sales revenues went through the Defendants, who took out USGL's royalties and expenses, remitted royalties on the sales to Goodyear, and then distributed the remaining funds to ALS. ¶¶ 72, 78, 79.

ALS noticed discrepancies with the data and sales numbers that USGL and Robert were providing. *Id.* at ¶ 86. This led ALS to believe that USGL, GL, Robert,

Patricia, and Nicholas were, among other things, collecting sales revenues without remitting ALS' portion back to it and otherwise "underreporting" sales revenues so that ALS did not receive its full payment. *Id.* at ¶¶ 87-90, 98-100, 112-116. ALS alleges the individual Defendants underreported the sales revenue so they could pocket the additional money to fund their personal purchases like yachts. *Id.* at ¶ 134. It alleges Robert, Patricia, and Nicholas diverted money that should have gone to ALS through Danielle Ventures. *Id.* at ¶¶147-150.

ALS terminated the Consulting Agreement on November 5, 2024, effective July 25, 2024. *Id.* at ¶ 139.

## III. Standard of Review – Fed. R. Civ. P. 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion challenges whether the complaint states an actual claim. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden to show a complaint fails to state a claim. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of' the necessary element.'" *Phillips*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

## IV. Discussion

Defendants move to dismiss all claims against them with the exception of the breach of contract claim (Count I) made against USGL. ECF Nos. 14, 17. The Court addresses all of Defendants' arguments, albeit in a different order than they appear in the Parties' briefing.

### a. Piercing the Corporate Veil – Robert and Patricia

To begin, ALS seeks to pierce the corporate veil to hold Robert[4] liable for the alleged conduct of USGL and GL, and to hold both Robert and Patricia liable for the alleged conduct of Danielle Ventures.[5] ECF No. 1-1 at ¶¶ 145, 148. Defendants

---

[4] Defendants also move to dismiss the Breach of Contract Claim (Count I) against Robert, arguing Robert is not personally liable. ECF No. 17 at 14-15. ALS is only asserting that Robert is responsible for USGL's breach of contract because it is entitled to pierce the corporate veil for this claim. ECF No. 1-1 at ¶ 158; ECF No. 27 at n. 9. Accordingly, the Court need not address further whether Robert is personally liable for the breach of contract.

[5] ALS seeks to pierce the corporate veil as to these claims: breach of contract claim (Count I – Robert only); conversion (Count II); unjust enrichment (Count III); fraud (Count IV); negligent

move to dismiss all claims against Robert and Patricia under this theory, arguing the Complaint does not plead the necessary elements to pierce the corporate veil. ECF No. 17 at 15-17. *See also* ECF No. 30 at 6-7. ALS responds that the Complaint adequately pleads the necessary elements and that this is best resolved after discovery. ECF No. 27 at 19-23.

In Pennsylvania, "[t]here is no definitive test for piercing the corporate veil." *Plastipak Packaging, Inc. v. DePasquale,* 2003 WL 22120971, *1 (3d Cir. Sept.12, 2003). "[T]he corporate veil may be pierced whenever necessary to avoid injustice," and "courts apply a totality of the circumstances test." *Id.* Relevant factors include: failure to observe corporate formalities; non-payment of dividends; insolvency of the debtor corporation; siphoning of funds from the corporation by dominant shareholders; the non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere facade for the operations of a common shareholder or shareholders; and gross undercapitalization. *Id.*

ALS alleges Defendants were involved in a "scheme" to "underreport and improperly withhold millions of dollars in revenues" from sales of commercial lubricants in breach of prior agreements made between the parties. *See generally*, ECF No. 1-1. More specifically, ALS alleges that USGL, via Robert as the CEO and President of USGL, did not observe corporate formalities and intermingled his personal and company funds, misappropriated and misused amounts paid by

---

misrepresentation (Count V – Robert only); conspiracy (Count VI); and indemnification (Count VIII – Robert only). *See* ECF No. 1-1.

customers and owed to ALS, and intentionally failed to maintain accurate records to hide this scheme. ECF No. 1-1 ¶¶ 90-95, 113-114,122-133. It further alleges that Danielle Ventures, via Robert and Patricia as the sole members of the LLC, wrongfully transferred these funds to purchase personal items and failed to maintain accurate records. *Id.* at ¶ 147.

Whether a corporate veil has been pierced is a "factually-intensive" test that requires discovery. *Orion Power Midwest, L.P. v. Am. Coal Sales Co.,* No. 2:05-CV-555, 2007 WL 4190762, at *2 (W.D. Pa. Nov. 21, 2007). *See also Grunblatt v. Unum Provident Corp*., 270 F.Supp.2d 347, 352 (E.D. N.Y. 2003) (veil-piercing test is based on fact-intensive, multifactor test which is not amenable to resolution on a motion to dismiss and of necessity leads to discovery); *Winner v. Etkin & Co.*, No. 07-CV-903, 2007 WL 2616084, at *2 (W.D. Pa. Sept. 6, 2007) (denying motion to dismiss because "[t]he veil-piercing doctrine requires a multi-factor, factually-intensive inquiry and is not to be presumed lightly").

With this case law in mind, and with the allegations as to Robert and Patricia's roles in this "underreporting scheme" as outlined above, the Court finds that ALS has pled sufficient facts which, accepted as true, state claims to relief that are plausible enough for them to move to discovery. *See, e.g., Orion Power Midwest, L*2007 WL 4190762, at *3 (holding forty-eight page complaint held sufficient detail about defendants' roles in "shell game" to survive to discovery under theory of piercing corporate veil); *CMC GH Sisak D.O.O. v. PTC Grp. Holdings Corp.,* No. CV 15-1357, 2016 WL 11480715, at *8 (W.D. Pa. May 19, 2016), *report and*

*recommendation adopted in part sub nom. CMC GH Sisak D.O.O. v. PTC Grp. Holdings Corp*, No. CV 15-1357, 2016 WL 5025750 (W.D. Pa. Sept. 20, 2016) (recommending that the defendant's motion to dismiss be denied because "at this juncture, given the well-pleaded factual allegations as summarized supra, and relevant case law, dismissal of the piercing of the corporate veil is premature, as they plausibly give rise to an entitlement for relief").

Whether ALS is able to pierce the corporate veil can be resolved with additional discovery. Accordingly, and in this respect, Defendants' Motion to Dismiss is DENIED without prejudice to reassert these arguments at summary judgment.

**b. Gist of the Action Doctrine – Conversion (Count II), Fraud (Count IV), Negligent Misrepresentation (V), and Conspiracy (Count VI) Claims**

Defendants next move to dismiss ALS' conversion, fraud, negligent misrepresentation, and conspiracy claims under the gist of the action doctrine. ECF No. 17 at 17-22.[6] They argue that each of these tort claims derive from the parties' contractual relationship and should therefore be dismissed. *Id.* *See also* ECF No. 30 at 7-8. ALS argues that these claims arise separately from the breach of contract claim, and that it is otherwise premature to decide this question at the motion to dismiss stage. ECF No. 27 at 23-25.

While the Court appreciates the chart provided by Defendants, the Court agrees it is premature to decide whether these claims arise under contract or tort.

[6] ALS brings each of these four claims against all of the Defendants, except it omits Danielle Ventures from its negligent misrepresentation claim at Count V. ECF No. 1-1.

Deciding whether the "gist of the action" arises in tort or contract law is a fact intensive inquiry, and it is "better addressed on a full record after the conclusion of discovery." *Hydro-Labs, Inc. v. Coopers Creek Chem. Corp.*, No. 24-1191, 2024 WL 7091586, at *1 (W.D. Pa. Oct. 9, 2024). Courts throughout the Third Circuit "caution against deciding whether the gist of the action is a contract or tort at the motion to dismiss stage." *Southersby Dev. Corp. v. Twp.* of S. Park, No. 14-1248, 2015 WL 1757767, at *16 (W.D. Pa. Apr. 17, 2015) (collecting cases). *See also Kappe Assocs., Inc. v. Chesapeake Env'tl. Equip., LLC,* No. 15-2211, 2016 WL 1257665, at *10 (E.D. Pa. Mar. 31, 2016) (collecting cases that declined to apply the gist of the action doctrine at the pleading stage); *Sensus USA, Inc. v. Elliot Bay Eng'g, Inc.*, No. 10-1363, 2011 WL 2650028, at *7 (W.D. Pa. July 6, 2011) ("Because the application of the gist of the action doctrine depends on the facts of each particular case . . . this issue is best left for resolution on a . . . post-discovery motion for summary judgment").

Here, in light of the allegations of the "underreporting scheme," it is not yet clear whether each of these claims arises under contract or tort. Defendants' Motion to Dismiss based on the gist of the action doctrine is therefore DENIED without prejudice to reassert at summary judgment.

**c. Fraud (Count IV)**

Defendants argue that Plaintiff's fraud claim against all Defendants should be dismissed because ALS failed to plead essential elements or satisfy Rule 9(b)'s heightened pleading standard. ECF No. 17 at 22-23; ECF No. 30 at 8. In this respect, the Court agrees.

To establish a claim for fraud under Pennsylvania law, a plaintiff must allege six elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Gruenwald v. Advanced Comput. Applications, Inc.*, 730 A.2d 1004, 1014 (Pa. Super. Ct. 1999) (quoting *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).

Fraud claims have a heightened pleading standard under Federal Rule of Civil Procedure Rule 9(b) – allegations must be plead with "particularity." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). Rule 9(b) may be satisfied by describing "the circumstances of the alleged fraud with precise allegations of date, time, or place, or by using some means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 172 n. 10 (3d Cir. 2002). This standard is "relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." *In re Burlington*, 114 F.3d at 1418.

As to the first element of fraud, Defendants argue ALS did not plead with particularity that Defendants falsely represented revenue and expenses under the Agreement. ECF No. 17 at 23. They argue that Rule 9(b) requires more than the conclusory allegation that Defendants "'intentionally misrepresented and/or

omitted' revenue and expense information," or that Defendants "'knew that their statements and omissions were false' and 'intended to mislead'" ALS. *Id.* (quoting ECF No. 1-1 at ¶¶ 176-78). ALS counters that Rule 9(b) is relaxed here, where Defendants "uniquely controlled the factual information associated with their fraudulent activities." ECF No. 27 at 25-26.

Even if Defendants "uniquely controlled" the facts of this situation, more detail is still needed to meet the standards of Rule 9(b). In essence, ALS can do more to "inject precision" into these allegations of fraud. ALS seems to concede this point. *See* ECF No. 27 at 26 ("Even if ALS's fraud claim is insufficiently pled, dismissing the claim at this stage is not appropriate where ALS can freely amend its Complaint to meet the heightened pleading requirements of Rule 9(b)").

As the issue can be decided based on a lack of particularity, the Court does not address Defendants' remaining arguments regarding fraud. Accordingly, Defendants' motion to dismiss ALS' fraud claim is GRANTED without prejudice for ALS to amend its Complaint if it can do so in good faith.

**d. Negligent Misrepresentation (Count V)**

ALS brings a negligent misrepresentation claim against all Defendants except for Danielle Ventures. ECF No. 1-1. Defendants also move to dismiss it, arguing ALS failed to plead the essential elements of a claim. ECF No. 17 at 22-23. ALS counters that the claim is adequately plead. ECF No. 27 at 25-27.

The four elements of negligent misrepresentation are: "1) a misrepresentation of a material fact; 2) made under circumstances in which the actor should have known of its falsity; 3) with an intent to induce another to act on

it; 4) thereby causing injury to a party who justifiably relied upon the misrepresentation." *Rosenberg as Tr. of Douglas Rosenberg 2004 Tr. v. PHL Variable Ins. Co.*, No. 23-1234, 2024 WL 2012486, at *5 (3d Cir. May 7, 2024) (quoting *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 645–46 (Pa. 2021)).

Defendants argue the claim should be dismissed because ALS failed to adequately plead materiality or justifiable reliance. ECF No. 17 at 23. As to materiality, Defendants argue that any false statements made in their internal record keeping system, Epicor, were not material because Defendants transferred relevant information to ALS via QuickBooks and Salesforce. *Id.* As to justifiable reliance, Defendants argue that ALS "cannot plausibly contend that its reliance on the alleged Epicor reports was reasonable." *Id.* They argue that ALS "had the means to audit" the Epicor and Salesforce systems for discrepancies, and that its ability to verify the accuracy of the Epicor's data "renders any reliance on that information unreasonable." *Id.* at 23-24.

Both of these arguments, however, require the Court to delve into factual issues, which is not appropriate for the motion to dismiss stage. For example, Defendants' argument as to materiality requires a better understanding of what type of information was in Epicor vs. QuickBooks vs. Salesforce, and it is simply too early to make this factual determination. *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019) ("A district court may not weigh the credibility of the parties' positions on a question of disputed material fact at the motion to dismiss stage") (cleaned up).

Accordingly, Defendants' motion to dismiss as to negligent misrepresentation is DENIED, without prejudice to reassert at summary judgment.

**e. Unjust Enrichment (Count III)**

ALS brings an unjust enrichment claim against all Defendants. ECF No. 1-1. Defendants argue the unjust enrichment claim should be dismissed because it relies on an inapplicable, quasi-contract doctrine. ECF No. 18 at 24. Defendants also argue that it cannot be argued in the alternative because ALS has specifically acknowledged a contract exists between the parties. *Id.*

The elements for recovery for unjust enrichment are: (1) benefits conferred on one party by another; (2) appreciation of such benefits by the recipient; and (3) acceptance and retention of these benefits in such circumstances that it would be inequitable for the recipient to retain the benefits without payment of value. *Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 277 (3d Cir.2007).

It is well established in Pennsylvania that a claim for unjust enrichment does not exist where there is a written contract between the parties. *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 569 (W.D. Pa. 2015) (citing *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa.Super.1999)). There are some circumstances, however, where Federal Rule of Civil Procedure 8(d)(2) permits a plaintiff to plead unjust enrichment in the alternative – namely when (i) the contract at issue covers only a part of the relationship between the parties, or that (ii) the existence of a contract is uncertain or its validity is disputed by the parties. *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017).

ALS maintains that both exceptions are relevant here. ECF No. 27 at 27-28. ALS argues that because USGL is the only Defendant who is a party to the contract, the contract does not cover the full relationship between the parties. *Id.* It also argues that the validity of the contract may be disputed later in the lawsuit. *Id*. Defendants reply that they do not dispute the validity of the Consulting Agreement, so this exception should not apply. ECF No. 30 at 8-9.

ALS' first argument is well taken. Only USGL is a party to the Consulting Agreement. Accordingly, only the unjust enrichment claim against USGL is barred. *Gabriel,* 124 F. Supp. 3d at 569. Neither GL, Robert, Patricia, Nicholas, nor DV are parties to the Consulting Agreement, so the contract does not cover the full extent of their relationship and the claim can move forward. *Margetas v. Margetas*, No. CV 25-6163, 2026 WL 1694710, at *3 (E.D. Pa. June 11, 2026) ("Because Sevasti is not a party to that contract, the unjust enrichment claim against her is not precluded by virtue of the contract").

Defendants' motion to dismiss the unjust enrichment claim is GRANTED with prejudice as to USGL and DENIED as to the remaining Defendants.

**f. Conspiracy (Count VI)**

Defendants next move to dismiss ALS' conspiracy claim, which ALS has brought against all Defendants. ECF No. 17 at 25-26. Defendants argue the conspiracy claim should be dismissed because agents of a single entity cannot conspire among themselves and because ALS failed to plead agreement or malice. *Id.* These are addressed in turn.

In Pennsylvania, "to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Birsingh v. Little Wheel, LLC*, No. 4:25-CV-02317, 2026 WL 1999243, at *10 (M.D. Pa. July 10, 2026) (quoting *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 309 (3d Cir. 2003)). Civil conspiracy "must be based upon independent underlying civil cause of action." *NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 172 (3d Cir. 2025). A plaintiff sets forth a plausible claim of civil conspiracy if they make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Reese v. Pook & Pook, LLC.*, 158 F. Supp. 3d 271, 292 (E.D. Pa. 2016). A plaintiff must also plead malice. *NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 172 (3d Cir. 2025), *cert. denied*, 146 S. Ct. 1856 (2026).

**i. Conspiracy - Single-Entity Rule**

Defendants first argue that the conspiracy claim fails because agents of a single entity cannot conspire among themselves under Pennsylvania's "single entity" rule. ECF No. 17 at 25-26; ECF No. 30 at 8-9.

Pennsylvania state law makes clear that "a single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves," *Rutherfoord v. Presbyterian-University Hosp.*, 612 A.2d 500, 508 (Pa. Super. 1992).

*See also Accurso v. Infra-Red Servs., Inc.,* 23 F. Supp. 3d 494, 514 (E.D. Pa. 2014) ("[T]his intracorporate conspiracy doctrine generally bars conspiracy claims against agents and their principals"). Right off the bat, this rule does not apply to either GL or Danielle Ventures, since neither of them are part of USGL. ECF No. 1-1 at ¶¶ 9-10. Accordingly, the single-entity rule does not bar the conspiracy claim against these two Defendants.

Defendants' arguments center primarily on the Gonnellis, based on their roles as president/CEO and employees of USGL. ECF No. 27 at 25 (citing ECF No. 1-1 at ¶¶ 14-15). Defendants point out that the Complaint alleges they were all acting within the scope of their employment with USGL. *Id.* Therefore, Defendants argue, the Gonnellis and USGL are part of a single entity. *Id.*

ALS rightfully cites to an exception to this rule – that the "single entity" rule does not apply if the defendants were acting for their own *personal* benefit. ECF No. 27 at 29. There is an exception to this "single entity" rule where "the employees have acted for their sole personal benefit." *Accurso,* 23 F. Supp. 3d at 514 (quoting *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313-14 (3d Cir.2003)). *See also Morelia Cons., LLC v. RCMP Ent., LLC,* 2011 WL 4021070, *11 (M.D.Pa.2011) ("[P]laintiffs have raised allegations sufficient to pierce the corporate veil. As such, the intra-corporate conspiracy doctrine [i.e., an entity cannot conspire with one who acts as its agent] does not apply to the case.")

The Complaint does not allege that Robert, Patricia, and Nicholas were acting to enrich USGL, but rather, to enrich themselves. ECF No. 1-1 at ¶¶ 3-4.

These allegations are sufficient to show they were acting for their personal benefit, so the single entity rule does not bar this claim at this time. More detail on the Gonnellis' actions and motivations, if any, can be revealed during discovery.

Accordingly, the Defendants' motion to dismiss the conspiracy claim under the "single entity" rule is DENIED without prejudice, and Defendants may raise these arguments again at summary judgment.

**ii. Conspiracy - Essential Elements of Conspiracy Claim**

Defendants next argue that ALS fails to plead the essential elements of malice and agreement. ECF No. 17 at 26-27; ECF No. 30 at 9.

Starting with the element of malice, the Third Circuit Court of Appeals has recently held:

> A plaintiff must also show "[p]roof of malice"—that the conspiracy was committed with "intent to do an unlawful act or to do an otherwise lawful act by unlawful means" and "an intent to injure ... absent justification." *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 472 (1979). This is a demanding standard: malicious intent must be the "sole purpose" of the conspiracy. *Bro-Tech*, 651 F. Supp. 2d at 419 (emphasis in original) (quotation omitted). Put another way, "proof of acts which are equally consistent with innocence" is "not sufficient" to prove malice. *Scully v. US WATS, Inc.*, 238 F.3d 497, 516 (3d Cir. 2001) (quoting *Fife v. Great Atl. & Pac. Tea* Co., 356 Pa. 265, 52 A.2d 24, 27 (1947)).

*NRA Grp., LLC*, 154 F.4th at 172. Defendants argue that the Complaint does not meet this "demanding standard" because ALS is arguing the scheme was for Defendants' personal benefit. ECF No. 17 at 27. ALS counters that knowledge of an unlawful act is sufficient. ECF No. 27 at 30.

ALS is not alleging a series of acts which are "equally consistent with innocence." Rather, ALS has clearly alleged that the conspiracy was committed

with the "sole purpose" of defrauding ALS from the money it as supposedly owed which is sufficient to show malice at this stage. *See, e.g.* ECF No. 1-1 at 5 ("ALS ultimately uncovered this scheme and determined that Defendants had improperly withheld millions of dollars in revenues and underreported other revenues"). Defendants' argument to the contrary – that any harm to ALS was a byproduct of this scheme to line their own pockets – is just splitting hairs.

Defendants' argument as to a lack of agreement is, however, more compelling. As stated above, an agreement between the defendants is an essential element of a conspiracy claim. *Reese*, 158 F. Supp. 3d at 292. A plaintiff must "expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Airgood v. Twp. of Pine*, No. CV 14-1249, 2016 WL 1247237, at *6 (W.D. Pa. Mar. 30, 2016) (quoting *Angino v. Wells Fargo Bank, N.A.*, No. 1:15-CV-418, 2016 WL 787652, at *12 (M.D. Pa. Feb. 19, 2016) *report and recommendation adopted*, No. 1:15-CV-418, 2016 WL 759161 (M.D. Pa. Feb. 26, 2016)). This would include allegations of a "meeting of the minds" and the approximate time when an agreement was made. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010).

Defendants argue there are no explicit allegations of an agreement. ECF No. 17 at 26-27. ALS counters that no "magic words" are needed and that they clearly alleged this "scheme." ECF No. 27 at 29-30.

While the Complaint alleges a far-sweeping "scheme" amongst the Defendants, the actual specifics of the supposed agreement to participate in this scheme are quite slim. This Complaint falls short of showing any agreement between the Defendants or alleging any other form of communication or cooperation between them. *Schuster v. Twp. of N. Sewickley*, No. 12-CV-00333, 2012 WL 2116574, at *4 (W.D. Pa. June 11, 2012) (granting motion to dismiss on conspiracy claim where complaint "avers little more than the existence of personal/business associations between" defendants).

Accordingly, the motion to dismiss the conspiracy claim is GRANTED without prejudice on this basis. ALS may try to rectify this deficiency regarding an agreement in an amended complaint if it can do so in good faith.

**g. Indemnification (Count VIII)**

ALS brings an indemnification claim against USGL and Robert at Count VIII. Defendants move to dismiss this claim. ECF No. 17 at 27-28.

This claim is based on the indemnification clause in the Consulting Agreement:

> Indemnification. [USGL] will indemnify and hold harmless [ALS], [ALS']directors, stockholders, officers, employees, agents and invitees from any and all liability, claim, loss, damage, cost or expense: (a) arising out of any injury to persons or damage to property caused by [USGL]; (b) arising out of [USGL's] negligence or willful misconduct in providing the Services; (c) arising out of or caused by a breach of this Agreement or the Goodyear Agreement by [USGL]; or (d) arising out of or related to any claim that the Services, or any deliverables hereunder, or [ALS'] use thereof violates or infringes a third party's intellectual property rights.

ECF No. 1-1 at p. 48 (Consulting Agreement at § 6).

"Contract indemnification presents when 'there is an express contract to indemnify' between the parties." *DCD Nucar Alni LLC v. Rothrock Motor Sales, Inc.,* No. 5:25-CV-4327, 2025 WL 3516667, at *10 (E.D. Pa. Dec. 8, 2025) (quoting Kerrigan v. Villei, 22 F. Supp. 2d 419, 426 (E.D. Pa. 1998)). "The construction of an indemnity contract is a question of law for the court to decide." *Ogontz Fire Co. v. Township*, No. 23-cv-569, 2025 WL 2004692, at *3 (E.D. Pa. July 17, 2025)

Defendants argue this indemnification clause only applies to *third-party* claims, so it is not relevant to this *first-party* dispute between signatories to the Consulting Agreement. ECF No. 17 at 27-28.[7] In Reply, Defendants take this one step further and say that the "Agreement explicitly authorizes third-party claims only." ECF No. 30 at 9. ALS counters that there is no language in the Consulting Agreement limiting this provision to third-party claims, so it should apply here. ECF No. 27 at 30-31.

A plain reading shows that this provision is not limited to third-party claims, let alone "explicitly." Except for a reference to third party intellectual property rights, there is no discussion of "third parties" in this provision. *See* ECF No. 1-1 at p. 48 (Consulting Agreement at § 6). In fact, this provision allows for indemnification for "all liability, claim, loss, damage, cost or expense . . . arising out of or caused by a breach of this Agreement" which could cover this situation if ALS prevails on the breach of contract claim.

---

[7] In support of their position, Defendants cite to a line of cases that involve different contractual language than the "indemnify and hold harmless" language here. ECF No. 17 at 27-28. This line of cases is therefore inapposite.

This position is supported by recent case law as well. *Dansko Holdings, Inc. v. Benefit Tr. Co.*, 991 F.3d 494, 502 (3d Cir. 2021), *as revised* (Mar. 25, 2021) (declining to read a limitation on first-party claims into an indemnification provision); *DCD Nucar Alni*, 2025 WL 3516667, at *9 (finding provision to "indemnify and hold harmless" was not limited to third party claims).

Defendants also argue that ALS' indemnification claim fails because it did not plead a condition precedent to indemnification under the Agreement – namely either a breach of contract or misrepresentation. ECF No. 17 at 28. As stated above, however, the breach of contract and negligent misrepresentation claims have been permitted to proceed to discovery. Accordingly, this does not sway the Court at this time. Defendants may revisit this argument at summary judgment.

Defendants' motion to dismiss the indemnification claim is therefore DENIED without prejudice to reassert the arguments about a condition precedent at summary judgment.

**h. Constructive Trust (Count VII) and Injunctive Relief (Count IX)**

Defendants next argue that ALS' claims for a constructive trust and a preliminary and permanent injunction should be dismissed because they are remedies mispleaded as causes of action. ECF No. 17 at 29. ALS brings the constructive trust claim against all Defendants, and the indemnification claim against USGL and Robert. ECF No. 1-1 at Counts VII, IX.

ALS responds that this Complaint was originally filed in the Allegheny County Court of Common Pleas, where equitable counts of relief are routinely pled

as separate counts. ECF No. 27 at 32. ALS argues that there is "functionally no difference" between having construction trust and injunctive relief listed as separate counts vs. as claims for relief, but it requests leave to relocate these to a "Relief Requested" section at the end of an amended complaint. *Id.*

Given that the Court has already granted ALS leave to file an amended complaint to cure several deficiencies identified above, the Court likewise grants leave to amend to move the constructive trust and injunctive relief counts to a "Relief Requested" section. Accordingly, Defendants' motion to dismiss these claims is GRANTED without prejudice, and with leave for ALS to amend.

**i. Group Pleading**

The Court now turns to Defendants' original argument – that all extra-contractual claims should fail for improper group pleading. ECF No. 17 at 11-14. Defendants argue that this Complaint improperly groups "Defendants" in violation of Federal Rule of Civil Procedure 8, and that all claims except for the breach of contract claim against USGL should be dismissed. *Id.* *See also* ECF No. 30 at 5-6.

ALS responds that its allegations against each Defendant are clear. ECF No. 27 at 16-18. They also add that "collective references to defendants do not offend the pleading standard where the actions of the alleged defendants were not readily district, and the parties involved are closely affiliated." *Id.* at 17.

ALS is accusing the Defendants of acting jointly in this "scheme." This Complaint is forty-three pages long and has 228 paragraphs. ECF No. 1-1. It provides detailed information about each Defendants' alleged role in this "scheme." To the extent that, in certain places, ALS makes collective references to the

Defendants, it does not stop the Defendants from knowing what they are being accused of. *MCS Industries, Inc. v. Michael's Stores, Inc.*, No. 21-2563, 2022 WL 1291518, at 4 (E.D. Pa. Apr. 29, 2022) (denying motion to dismiss because the complaint alleged responsibility of each defendant, who "all share overlapping and inextricably intertwined roles"). In fact, beyond this section on group pleading, the Defendants do not argue in their Motion to Dismiss that any individual claim against them is not clear. ECF Nos. 14, 17, 30.

Accordingly, the motion to dismiss on these grounds is DENIED.

## V. Conclusion

Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as set forth above. ALS is granted leave to amend to cure the deficiencies outlined herein. It shall have until **October 6, 2026** to amend the complaint, should it choose to do so.

DATED this 22nd day of September, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge